**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

AUG 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAOLA JIMENEZ CASTILLA; LAURA LILIA JIMENEZ CASTILLA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71612 <br><br> Agency Nos. A076-356-377 <br> A076-356-378 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Paola Jimenez Castilla and Laura Lilia Jimenez Castilla, natives and citizens

of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review due process claims de novo. *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599-600 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

Petitioners' contention that the application of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996's ("IIRIRA") permanent rules to them is impermissibly retroactive is foreclosed by *Jimenez-Angeles*, 291 F.3d at 600-02 (IIRIRA's elimination of suspension of deportation does not have an impermissibly retroactive effect when applied to aliens who were placed in removal proceedings after IIRIRA went into effect).

Petitioners' sole contention before the BIA was that the application of IIRIRA violates their right to equal protection; however, petitioners fail to raise, and therefore have waived, any challenge to the BIA's determination that it did not have the authority to rule on the constitutionality of laws enacted by Congress. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues that are not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to review petitioners' contention that they may benefit from the imputed physical presence of their parents because they failed to raise the issue before the BIA and thereby failed to exhaust their administrative remedies.

*See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not presented before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

Judge Berzon:

I would instruct, prior to issuing a decision on the merits, that the parties confer with the Ninth Circuit Mediation Office regarding whether they wish to engage in mediation with respect to petitioner Laura Lilia Jimenez Castilla.